## 1552.  JOHNSON *et al. v.* THE STATE.

A bill of exceptions, in order to confer jurisdiction on this court, must, within fifteen days from the date of the certificate of the judge, be filed in the clerk's office ·of the court below. This applies to criminal as well as to civil cases. In the present case the certificate of the judge to the bill of exceptions is dated November 6, 1908, and was filed in the office of the clerk of the trial court on November 23, 1908. This court is, therefore, without jurisdiction; and the writ of error is dismissed.

Practice in Court of Appeals.

Argued January 14,—Decided January 27, 1909.

*A.· G. & Julian McCurry,* for plaintiffs in error.

*James H. Skelton, solicitor,* contra.

PowELL, J. This court has no jurisdiction of a bill of exceptions which has not been presented and filed in accordance with the statute; and hence it becomes its duty to dismiss a writ of error, even in the absence of a formal motion to dismiss, when the statutory prerequisites have not been complied with. After the court had agreed upon a judgment on the merits in the present case (an affirmance, by the way; so that the plaintiff in error is not hurt very much after all), we discovered that the clerk's entry of filing on the bill of exceptions was dated more than fifteen days after the day on which the judge signed the certificate to the bill of exceptions; and under *Cook* v. *State,* 120 *Ga.* 137 (47 S. E. 562), this is fatal to jurisdiction in this court.

*Writ of error dismissed.*